## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARRINGTON KEVON JOSEPH,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-CV-5507** |
| | : | |
| **MARIKA MERRITT,** *et al.*, | : | |
| **Defendants.** | : | |

### <u>MEMORANDUM</u>

**HENRY, J.**                                                  **NOVEMBER 13, 2025**

Carrington Kevon Joseph, a prisoner currently incarcerated at SCI Houtzdale, commenced this civil action against two attorneys, asserting they violated his constitutional rights. For the following reasons, the Court will dismiss the Complaint for lack of subject matter jurisdiction.

## I.    FACTUAL ALLEGATIONS[1]

Joseph names as Defendants Marika Merritt, an attorney with Mid Penn Legal Services, and Gary G. Efstration, an attorney with Efstration Law. (Compl. at 2.) His factual allegations are brief. He asserts that on two occasions in 2023, the two attorneys sent him legal mail "via the regular mailing system" rather than through the prison's confidential mail system. (Compl. (ECF No. 1) at 5.) As a result, he alleges that "Correctional Officers, and Prisoners were able to read my legal mail before I received it!" (*Id.*) Joseph does not specify which of the two Defendants sent mail on which date, describe the contents of the mail or the nature of legal work the Defendants were providing, nor set forth any of the other circumstances surrounding the two

---

[1] The factual allegations set forth in this Memorandum are taken from Joseph's Complaint (ECF No. 1). The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

instances of his mail being read.  Based on the above allegations, Joseph asserts claims under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments and seeks $250,000 in damages from each Defendant.  (*Id.* at 3, 5.)

## II.    STANDARD OF REVIEW

The Court must dismiss any claims over which it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Indeed, a Court may consider its subject matter jurisdiction *sua sponte*.  *Grp.  Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.").

## III.    DISCUSSION

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  For this reason, "most cases belong in state court."  *Degennaro v. Grabelle*, No. 21-1536, 2021 WL 5445809, at *1 (3d Cir. Nov. 22, 2021).  A plaintiff bringing a lawsuit in federal court has an obligation to show the grounds for the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a)(1).  If a court determines at any time that federal jurisdiction is lacking, the court must dismiss the case.  Fed. R. Civ. P. 12(h)(3).  Cases that can be heard in federal court include cases based on federal law ("federal question jurisdiction"), *see* 28 U.S.C. § 1331, and cases in which the plaintiffs and defendants are citizens of different states and the amount in controversy is at least $75,000 ("diversity jurisdiction"), *see* 28 U.S.C. § 1332(a).

Joseph's allegations do not state a plausible claim within this Court's jurisdiction.  He asserts claims pursuant to 42 U.S.C. § 1983, thereby invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331.  However, Joseph does not allege that either Defendant in this case acted under color of state law in violating his rights.  Indeed, attorneys like Defendants Merritt and Efstration are not state actors subject to liability under § 1983 when performing the traditional functions of counsel.  *See Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."); *see also Clark v. Punshon*, 516 F. App'x 97, 99 (3d Cir. 2013) (*per curiam*) (noting that a court-appointed attorney is not a state actor for purposes of § 1983); *see Georges v. Godby*, No. 24-1884, 2025 WL 892557, at *3 (3d Cir. Mar. 24, 2025) (noting that communicating with a client is "within a lawyer's traditional functions").  Moreover, "wholly insubstantial" claims such as those asserted here are insufficient to invoke federal question jurisdiction, even if they purport to be predicated on a federal statute.  *Shapiro v. McManus*, 577 U.S. 39, 45 (2015) ("We have long distinguished between failing to raise a substantial federal question for jurisdictional purposes . . . and failing to state a claim for relief on the merits; only 'wholly insubstantial and frivolous' claims implicate the former."); *see, e.g.*, *Rose v. Husenaj*, 708 F. App'x 57, 60 (3d Cir. 2017) (*per curiam*) (concluding that civil rights claims were insufficiently substantial to invoke federal question jurisdiction because "Rose's conclusory reference to 'civil rights' does not convert his tort claims against non-state actors into constitutional claims"); *Yoder v. Morrow*, 671 F. App'x 27, 29 (3d Cir. 2016) (*per curiam*) (affirming dismissal for lack of subject matter jurisdiction because "[a]lthough Yoder's complaint purported to rely on 42 U.S.C. § 1983, her allegations do not actually implicate that federal statute").  While Joseph invokes § 1983, his claim that two

private attorneys violated his constitutional rights by sending him mail outside the prison's confidential mail system is insufficient to implicate his civil rights. *See Muhammad v. McIntyre*, No. 06-228, 2006 WL 2971533, at *2 (S.D. Ala. Oct. 17, 2006) (dismissing plaintiff's § 1983 action for lack of subject matter jurisdiction as "insubstantial and frivolous" where he failed to assert claims against a state actor). Thus, Joseph fails to allege a basis for federal question jurisdiction. *See Pcii Reo LLC v. Cummings*, 2017 WL 4391742, at *2 (D.N.J. Sept. 28, 2017) ("While invoking jurisdiction pursuant to Section 1983, Defendant Garnes' allegations are clearly deficient. For example, there is no 'state actor' as required by Section 1983; instead the case seems to involve a dispute among a private entity (Plaintiff) and private citizens . . . .").[2] Since Joseph has not met his burden to establish a basis for federal jurisdiction, this Court lacks the ability to hear his case. Accordingly, the Court will dismiss his Complaint for lack of subject matter jurisdiction.

**V.     CONCLUSION**

For the foregoing reasons, the Court will dismiss Joseph's Complaint for lack of subject matter jurisdiction without prejudice to him refiling his claim in an appropriate state court if he

---

[2] Other than an isolated and passing reference to "Unauthorized Practice of Law" (Compl. at 4), Joseph's allegations are based exclusively on violation of federal law. Accordingly, there is no basis for the Court to consider diversity jurisdiction. *See DeAcero, S.A. de C.V. v. Core Furnace Sys. Corp.*, 403 F. Supp. 2d 405, 408 n.5 (W.D. Pa. 2005) ("The pleadings' reference to diversity jurisdiction is superfluous . . . DeAcero has identified no state law claims, and its arguments for federal court intervention all relate to U.S. patent law."). Moreover, Joseph does not allege the citizenship of the parties but provides Pennsylvania addresses for himself and both Defendants, thus failing to allege that the parties are diverse. *See Craven v. Leach*, 647 F. App'x 72, 75 (3d Cir. 2016) ("[I]n a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." (quoting C*hem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177 F.3d 210, 222 n. 13 (3d Cir.1999)).

chooses to do so.[3]  Leave to amend will not be given.  Amendment in this Court would be futile because Joseph cannot cure the defects in his claims.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  An Order follows, which dismisses this case.

---

[3] The Court expresses no opinion on the merits of any such claims.